**FILED**

**SEP 0 6 2005**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW J. MASSENGILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 05-4168-JLF / CJP |
| | ) |
| THE CITY OF JOHNSTON CITY, and | ) **JURY TRIAL DEMANDED** |
| TONY L. KENDRICK, Johnston City Police | ) |
| Officer, in his individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

NOW COMES Plaintiff, Matthew J. Massengill, by and through his attorneys,

Jonathan R. Oliver and Michael W. Maurizio of Michael W. Maurizio & Associates, and

complains against Defendants The City of Johnston City and Tony L. Kendrick, in his

individual and official capacity, as follows:

### JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983, and jurisdiction of

this Court is invoked under 28 U.S.C. §§ 1331 and 1343.  Plaintiff further invokes the

pendent jurisdiction of this Court to hear and decide claims arising under state law.

2.      Venue lies in the Southern District of Illinois pursuant to 28 U.S.C. §

1391(b) because it is where a substantial part of the events or omissions giving rise to the

claims herein occurred and because it is where all Defendants reside or can be found.

### PARTIES

3.      Plaintiff, MATTHEW J. MASSENGILL, (hereafter "Massengill") is a

citizen of the United States and a resident of the City of Johnston City, Williamson

County, State of Illinois.

4.      Defendant THE CITY OF JOHNSTON CITY (hereafter "Johnston City") is a unit of local government in Williamson County, Illinois, which operates and maintains the Johnston City Police Department and the Johnston City Police and Fire Merit Board.

5.      Defendant TONY L. KENDRICK (hereafter "Kendrick") is and was at all relevant times a Police Officer for Johnston City.  Upon information and belief, Kendrick is a resident of Williamson County, Illinois.  Kendrick is sued in both his individual and official capacities.

6.      At all times relevant to the allegations of this Complaint and in all actions of the Defendants alleged, Defendants were acting under color of law and pursuant to their authorities pursuant to their official capacities as alleged above.

## COMMON ALLEGATIONS

7.      Despite knowledge of Kendrick's past employment problems with other police departments and his failure to meet the standards for employment through the Johnston City Police and Fire Merit Board, Johnston City employed Kendrick as a police officer.

8.      Despite repeated complaints and other incidents, including complaints and incidents of abusive, inappropriate, and/or excessive behavior by Kendrick, Johnston City continued to employ Kendrick as a police officer from the date of his hiring until the time of the actions complained of herein, and they continue to do so.

9.      On September 7, 2004, Massengill was arrested by Kendrick on charges of improper display of a vehicle registration plate and illegal consumption of alcohol by a minor.

10. Following the arrest, Kendrick placed Massengill in handcuffs and subsequently transported Massengill to the Johnston City Police Department.

11. Upon arriving at the building housing the Johnston City Police Department, Kendrick removed Massengill from his police cruiser.

12. Before entering the building, and while standing outside the police cruiser, Kendrick, without cause or provocation, struck Massengill, who was handcuffed and in custody, across the upper back and shoulder blade area with a long flashlight or night-stick type of object.

13. The force of the blow inflicted on Massengill by Kendrick caused Massengill to fall forward toward the police cruiser.

14. The force of the blow inflicted on Massengill by Kendrick caused injury to Massengill's person, which required medical attention.

15. Kendrick's actions against Massengill were unwarranted and excessive and were taken while Massengill was in restraints and not posing a physical threat or physically resisting Kendrick's authority.

16. Kendrick's actions caused physical injuries to Massengill.

17. Prior to hiring Kendrick, Johnston City knew of past disciplinary problems regarding Kendrick's performance as a police officer in other local governmental units, including acts of physical violence, and knew he did not meet the standards for employment as set forth by Johnston City's Police and Fire Merit Board.

18. After hiring Kendrick and up to and including the events complained of herein, Johnston City received and knew of complaints and instances of abusive conduct by Kendrick, including instances of threats of and use of excessive physical force, and

failed to investigate and/or act on the same, to appropriately discipline Kendrick for the same, or to discharge Kendrick for the same.

19. At all times alleged herein, Johnston City acquiesced in and deliberately ignored Kendrick's misconduct and use of excessive force.

20. As a result of the unlawful and willful acts, complained of herein, Massengill has suffered physical injuries and has and will continue to suffer humiliation, embarrassment, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983)
### (The City of Johnston City and Tony L. Kendrick)

21. Massengill repeats and realleges Paragraphs 1 through 20 as though fully set forth herein.

22. Kendrick, acting as a police officer for Johnston City, was at all times relevant hereto acting under color of state law.

23. It was the policy, practice, and custom of Johnston City to undertake and/or deliberately ignore and acquiesce in the acts and omissions alleged herein.

24. This policy and practice of Johnston City encouraged and caused violation by Kendrick of the constitutional rights of Massengill to be free from unreasonable seizure and of cruel and unusual punishment as described in the foregoing paragraphs.

25. As a result of these acts, Massengill has suffered great pain, both physical and mental, and deprivation of liberty.

26. The acts of Kendrick described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of Massengill's

rights under the Constitution and in contravention of the letter and spirit of 42 U.S.C. § 1983.

27.   The acts of Johnston City described above were all performed under color of state law with willful and wanton disregard of Massengill's rights under the Constitution and in contravention of the letter and spirit of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Matthew J. Massengill, prays for the following relief:

(A)   A judgment finding Defendants The City of Johnston City and Tony L. Kendrick, each individually and in their official capacity, violated Plaintiff's rights guaranteed to him by the United States Constitution;

(B)   Award compensatory damages in an amount to be proved at trial;

(C)   Award punitive damages in an amount to be determined at trial;

(D)   Award attorney's fees and costs; and

(E)   Award any other relief the Court deems just and proper.

## COUNT II
### (State Law Claim for Battery against Tony L. Kendrick and The City of Johnston City)

28.   Massengill repeats and realleges Paragraphs 1 though 20 as though fully set forth herein.

29.   As a result of the acts alleged herein, Massengill suffered a harmful and offensive contact to his person that was intentionally delivered by Kendrick with intent to cause such contact and to cause injury.

30.   In performing the acts alleged herein, Kendrick was acting within the scope of his employment as a police officer for Johnston City and was acting in a manner

which Johnston City knew, or should have known, he was prone to act and/or which Johnston City condoned or to which Johnston City was deliberately indifferent.

31.     As a result of these acts, Massengill has suffered great pain, both physical and mental.

WHEREFORE, Plaintiff, Matthew J. Massengill, prays for the following relief:

(A)     A judgment finding Defendants Tony L. Kendrick and Johnston City liable to Plaintiff for the tort of Battery;

(B)     Award compensatory damages in an amount to be proved at trial;

(C)     Award punitive damages in an amount to be determined at trial; and

(D)     Any other relief the Court deems just and proper.

## COUNT III
### (State Law Claim for Negligent Hiring and Retention against The City of Johnston City)

32.     Massengill repeats and realleges Paragraphs 1 though 20 as though fully set forth herein.

33.     Johnston City in hiring and/or retaining Kendrick knew, or should have known, that Kendrick was unfit for the position for which he was hired and that his service in such a position created a danger of harm to third persons, including Massengill.

34.     As a result of these acts, Massengill has suffered great pain, both physical and mental.

WHEREFORE, Plaintiff, Mathew J. Massengill, prays for the following relief:

(A) A judgment finding Defendant The City of Johnston City liable to

Plaintiff for the tort of Negligent Hiring and Retention;

(B) Award compensatory damages in an amount to be proved at trial;

(C) Award punitive damages in an amount to be determined at trial;

and

(D) Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by a jury of twelve (12) in this cause.

Respectfully submitted,
PLAINTIFF, MATTHEW J. MASSENGILL

By: _____

Jonathan R. Oliver
One of Plaintiff's Attorneys

Michael W. Maurizio & Associates
Michael W. Maurizio #6186837
Jonathan R. Oliver #6278164
1903 W. Main Street/P.O. Box 1849
Marion, Illinois 62959
Telephone No. 618/998-1515
Facsimile No. 618/998-1415
Email: joliver@mauriziolaw.com
Email: mmaurizio@mauriziolaw.com